HERVEY LOWE, Appellant, v. WILLIAM S. Moss, Appellee.

APPEAL FROM LA SALLE.

The receipt by the owner of a part of a lot of goods *in transitu*, does not discharge a common carrier from liability as to the remainder.

The object of a bill of exceptions, is to place upon the record some fact, or ruling of the Court, which would not appear without it, and if it fairly presents the point sought to be raised, it is sufficient.

If a common carrier is prevented, by ice or low water, from delivering goods, his liability to deliver them within a reasonable time, after the cause of detention is removed, continues.

This was an action on the case for not delivering goods, received by Moss as a common carrier. Plea, general issue, with notice that Moss would prove that he was prevented by the act of God, from delivering the goods.

Lowe proved the ownership of the goods, and their shipment on board of the boat of Moss, in good order and condition. That Moss stored the goods at Hennepin, (they having been shipped for La Salle,) without the consent of Lowe, and collected freight for the whole voyage. It was also in evidence, that 2278 pounds of sugar were destroyed while in store at Hennepin, that Lowe paid for the storage of the goods at Hennepin. Moss proved that he was prevented from reaching La Salle, by ice in the river. That Lowe, prior to the rise of water in the river, which destroyed the sugar at Hennepin, carried away a portion of the goods.

The cause was submitted to T. L. Dickey, Judge, without the intervention of a jury, at April term, 1851, and judgment was given for defendant.

A bill of exceptions was taken, setting forth all the evidence, which concluded as follows: " And the said Circuit Judge, did then and there give his opinion, and decide that a receipt of part of the goods, by the plaintiff, prior to their being damaged, was a release of the defendant's further liability, as a common carrier, and rendered a judgment in favor of the defendant, to which opinion of said judge, the plaintiff excepted, and made motion for a new trial, which was overruled by the said judge, to which decision the plaintiff excepted, and prays that this, his bill of exceptions, may be signed and sealed by the said judge, which is done."

WILLIAM CHUMASERO, for Appellant, cited Angel on Com-

mon Carriers, 282-3, 299 ; 14 Wendell, 217 ; 23 Wendell, 306 ; 4 Blackford, 260.

GLOVER & COOK, for Appellee, cited 4 N. H. 261.

TRUMBULL, J.  The plaintiff, a merchant of Joliet, shipped a lot of goods at St. Louis for La Salle, on board the steamboat Avalanche, of which the defendant was master, and this action was brought to recover damages, for a failure to transport and safely deliver the goods at the port of destination.

The record shows, that the goods, among which was a quantity of sugar, were shipped late in the fall, and that the Avalanche, in consequence of the ice, was unable to reach La Salle, whereupon the goods were stored at Hennepin, without the knowledge or consent of the plaintiff, that subsequently, and before any injury to the goods, the plaintiff took part of them away ; that the sugar remained in the warehouse, at Hennepin, till the July following the fall, when they were shipped, and in the mean time were injured by 'the high waters of the Illinois river, and that the defendant charged and received freight for the transportation of the entire lot of goods to La Salle. Upon this state of facts, the Circuit Court decided, that a receipt of part of the goods by the plaintiff, prior to their being damaged, was a release of the defendant's further liability as common carrier, and gave judgment for the defendant.

This decision of the Court, which was excepted to at the time, is now assigned for error.

A preliminary question has been raised, that the case having been tried by the Court, without the intervention of a jury, no such decision of the Court, has been excepted to, as can be assigned for error.

The object of a bill of exceptions, is to place upon the record some fact, or ruling of the Court, which would not appear without it.  The bill of exceptions, in this case, shows the decision of the Court upon which the case turned, and fairly presents the point sought to be raised by the plaintiff.

We are at a loss to perceive upon what principle, the receipt of part of a lot of goods *in transitu*, by the owner, should be held to release a common carrier from further liability, in reference to the balance of the goods.

It often happens, that a merchant, traveling upon the same steamboat, upon which he may have a quantity of goods, finds it expedient, in consequence of some detention which may have happened to the boat, from low waters or some other cause, to leave her and take a more rapid conveyance with such light articles of merchandise as he can conveniently take with him, and it was never supposed, that in such a case, the owner of the boat was thereby discharged from his obligation to deliver the remaining goods at the port of destination, or from any liability for their safety, which might properly attach to him as a common carrier.

It may be that the common carrier, in such a case, would be entitled to the full price for the transportation of all the goods, notwithstanding the withdrawal of a part by the owner before they reached the end of the voyage, but it is clear that his liability for the goods remaining with him, would continue the same as if none had been taken away.

In this case, the freezing up of the river may have been a sufficient excuse for the non-delivery of the goods at La Salle, that season, and the defendant may have been justified under the circumstances in storing them at Hennepin, but his obligation to deliver them at La Salle, within a reasonable time after the resumption of navigation, still continued, unless the plaintiff had agreed to receive them at Hennepin, or in some other way released the defendant from his original undertaking.

The fact, that the plaintiff took from the place where they were stored, part of the goods which would justify hauling by land, released the defendant from all future liability in reference to the goods thus taken away, but it would not of itself relieve him from his obligation to deliver the balance of the goods according to his original contract.

It would be a great hardship, if a merchant who had a stock of goods detained upon one of our rivers, by ice or low water, within a few miles of his place of doing business, could not be permitted, at his own expense, to send for such articles as could be conveniently transported by land, without discharging the common carrier from all responsibility, in reference to the goods left with him.

Judgment reversed, and cause remanded.

*Judgment reversed.*