LETTIE C. McCLARY, PLAINTIFF IN ERROR, v. THE SIOUX CITY AND PACIFIC RAILROAD COMPANY, DEFENDANT IN ERROR.

Practice: DEMURRER. When the objections stated in a demurrer are not those provided by the code, it can only be considered as a general demurrer that the petition does not state facts sufficient to constitute a cause of action.

Common carriers: THEIR LIABILITY. Common carriers of passengers are liable *only* where the injury has arisen from their own neglect. And while it is a general rule that, if they are in the least degree negligent, they are liable, yet only for such damages as are the natural and direct result of the act complained of.

———: ———. Thus, where a train of cars was running three-quarters of an hour behind the usual, ordinary, and advertised time for the running of trains upon the road of a carrier, and was upset by a sudden gust of wind which crossed the track, but not that portion of the track where the train would have been if running on time, whereby a passenger was injured, *Held*, that the injury complained of was not the natural result of the train being behind time, and that the damages sustained were too remote to entitle a recovery against the carrier.

THIS was a petition in error to review the judgment of the district court of Dodge county. The case is fully stated in the opinion of the court.

*E. Wakely* and *Munger & Ghost* for plaintiff in error, submitted the following points:

I. Was the fact of the defendant running its train behind time, as stated in the petition, negligence?

II. If so, was such negligence of the defendant the proximate cause of the injury complained of?

As to the first point, we submit:

1. The running of a train out of its regular, usual and advertised time of running, constitutes negligence. *Angell on Carriers*, 439. *General Statutes of Nebraska* 1873, sections 121, 122, page 198. *Chicago, Burlington and Quincy Railroad v. George*, 19 *Illinois*, 510. *Weed v. The Panama Railroad Company*, 17 *New York*, 362.

2. The mere fact of a train being behind time is sufficient evidence of negligence to raise the presumption of liability. *Shearman and Redfield on Negligence*, 328. *Flinn v. Philadelphia Railroad Company*, 1 *Houston's Delaware*, 469.

3. The distinctions between the several degrees of negligence are merely theoretical, and *wholly incapable of any practical application.* *Perkins v. The New York Central Railroad Co.*, 24 *New York*, 196. *Smith v. The Same*, 24 *New York*, 222. *Wells v. The Same*, 24 *New York*, 181.

As to the second point, we submit:

1. Common carriers are liable for injuries not resulting from the act of God; and if negligence of the carrier contributes to cause or bring about the injuries complained of, then it is not the act of God, and the carrier is responsible.

2. If the defendant be guilty of negligence and an accident occur, the *immediate* cause of which is the act

of God, but which would not have occurred had the defendants not been guilty of such negligence, then in that case the rule, "*causa proxima et non remota spectatur*" does not apply so as to excuse the defendant. *Read v. Spaulding,* 30 *New York,* 630. *Miller v. Steam Navigation Company,* 10 *New York,* 431. *Lowe v. Moss,* 12 *Ill.,* 477. 2 *Parsons on Contracts,* 159, 160, 161. *Sedgwick on Measure of Damages,* 88, 89. *Hart v: Allen,* 2 *Watts,* 114. *Davis v. Garrett,* 6 *Bingham,* 721. *Crosby v. Fitch,* 12 *Conn.,* 410. *Powell v. Deveney,* 3 *Cushing,* 300. *Colegrove v. New York and New Haven R. R.;* 20 *New York,* 492. *Pittsburg City v. Grier,* 22 *Penn. State,* 54. *Michaels v. New York Central R. R.,* 30 *New York,* 564.

3. If defendant's negligence concurred with some event (other than plaintiff's fault), to produce plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are clearly connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time. *Brehm v. Great Western Railroad Company,* 34 *Barb.,* 256. *McCahill v. Kipp,* 2 *E. D. Smith,* 413. *Mott v. Hudson River Railroad Company,* 8 *Bosworth,* 345.

4. The rule is general that a wrong doer, or one guilty of negligence, cannot escape the consequences thereof because of the contributing negligence of another. *Shearman & Redfield on Negligence,* 31, and cases there cited. On this principle it is, that a plaintiff whose negligence contributes to the injury, cannot recover, although the defendant's negligence also contributed thereto, and although the injury would not have happened but for defendant's negligence. So if the wrongful acts of two or more persons contribute to produce injury, and one of

them is sued, it is no defense that the injury would not have resulted but for the negligence of *another*.

In this case, the injury happened in consequence of two concurring causes; *First*, the negligence of the defendant; *Second*, the act of God.

Without the first or without the second, no accident would have happened to the train. But as defendant's negligence, the fact that the act of God also contributed thereto, is no more a defense than would have been the fact that the negligence of another person or another corporation contributed to it. It is enough that without the defendant's negligence no injury would have happened to the plaintiff.

5. The statutes of Nebraska provide that every railroad company operating its road in this state, shall be liable for all damages inflicted upon the persons of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the person injured, or when the injury complained of shall be the violation of some express rule or regulation of said road, actually brought to his or her notice. *General Statutes*, 1873, *Sec.* 147, *page* 203.

In the light of this statute, it is *neither necessary to allege nor prove negligence* of the defendant, as by it they are made insurers of the safety of their passengers; and the injuries alleged, having occurred to the plaintiff while " a passenger, being transported " over the road of defendant, they are clearly liable therefor.

*Isaac Cook and N. M. Hubbard*, for the defendants in error, contended:

I. There is nothing alleged in plaintiff's petition, which constitutes negligence. The only point upon which it is based is, that the train was behind its usual and advertised time, but whether it was thus *behind time* through any negligence of the defendant is not stated.

The petition stands or falls upon this question. ˙ Is it negligence, *per se,* to run a train out of its usual and advertised time?

1. There is no law, or custom, or statute requiring railroads to run their trains at any particular time, or that requires them to follow their own time cards. If they advertise the starting and running of trains at particular times and fail to do so, any person relying thereon, and who suffers damage thereby, may perhaps recover, but this is the extent—it is not negligence.

2. If it be negligence to run out of advertised time, it must not only be lawful, but it must be the duty of a railroad company to stop its train, if it should get behind time, and not run it at all till its next advertised time and trip came about. Railroads could not be operated under such a rule.

If the plaintiff had alleged that the cause·of the train being behind time, on the day of the accident, was by reason of the negligence of defendant, its servants or agents, then the inquiry would fairly arise, whether such negligence was such a *proximate* cause of the injury as would render the defendant liable. But no such allegation is made in the petition. The petition was framed with care. The pleader no doubt knew, that if he alleged negligence of defendant as the *cause* of being behind time, it could be easily rebutted, for the very storm, which finally blew the train from the track, had prevented them from being "on time." So the question recurs, if a train is unable without fault of the company, or its servants, to make its usual time, is it negligence *per se* for the train to proceed further?

II.   But suppose it be conceded that the defendant was guilty of negligence in being behind time, and in running its train behind time when the accident and injury occurred.

The question then is, was such negligence the proximate cause of the injury.

The general rule is now settled that damages to be recovered must always be the *natural and proximate* consequences of the act complained of. 2 *Greenleaf's Evidence*, 239.

Parsons states the rule thus: "Every defendant shall be held liable for all those consequences which might have been foreseen and expected as the results of his conduct, but not for those which he could not have foreseen, and was therefore under no moral obligation to take into his consideration." 3 *Parsons on Contracts, Fifth Edition*, 179.

Lord Bacon expresses the correlative of this proposition thus: "It were infinite for the law to judge of the causes of causes, and their impulsion one on another. Therefore it contenteth itself with the immediate cause, and judgeth of acts by that without looking to any further degree." *Maxims of the Law, Regula* 1.

It is said in many of the cases where these rules are involved, that the application is difficult.

It would seem that no such difficulty exists in the case at bar. Here was a train of cars three-fourths of an hour behind its time, by the negligence of defendant, (not so alleged but admitted now for the purpose of argument), when a sudden gust of wind blows the train from the track and injures the plaintiff. The occurrence is very extraordinary, and therefore very little to be expected. We are unable to find a case in the books showing such an accident. It seems impossible to say, that the most acute human foresight could have reasonably anticipated, or forecast, any such accident as happened to this train, and especially by reason of its being just three-fourths of an hour behind time.

The theory of the plaintiff is, that where human negligence concurs with the *vis divina* to produce an injury,

the rules of proximate and remote causes of injury do not apply, and that negligence will give a right of action, notwithstanding the *vis divina* was the proximate, and the negligence was the remote cause of the injury.

There is some conflict of authorities on this question as applied to insurance companies and to common carriers of goods. But railroads are absolute insurers of goods, except loss from the *vis divina*, or public enemies, and are not insurers of the safety of passengers, but only held to the exercise of extraordinary care.

We think the weight of authorities would exonerate defendant in this case for the loss of goods, and are therefore more than sufficient to defeat a recovery.

The most ably considered case in our judgment is *Morrison v. Davis and Co.*, 20 *Penn.*, *State*, 171. And that case was also cited in *Denney v. New York Central Railroad*, 13 *Gray*, 481, and especially approved.

In any other than a carrier case the question would present no difficulty. The general rule is, that a man is answerable for the consequences of a fault only so far as the same are natural and proximate, and as may on this account be foreseen by ordinary forecast; and not for those which arise from the conjunction of his fault with other circumstances that are of an extraordinary nature.

Thus a blacksmith pricks a horse by careless shoeing; ordinary foresight might anticipate lameness, and some days or weeks of unfitness for use; but it could not anticipate that by reason of the lameness the horse would be delayed in passing through a forest until a tree fell and killed him or injured the rider; and such injury would be no proper measure of the blacksmith's liability. The true measure is indicated by the maxim *causa proxima, non remota spectatur*.

MAXWELL, J.

The petition in this cause states that the defendants "are a corporation operating and running a certain railroad in the state of Nebraska, between the city of Fremont, in the county of Dodge, to some point in the county of Cuming, at or near the town of West Point, in said county, and that said defendant was a common carrier of passengers in cars over and upon said railroad, for hire and reward; and thereupon the said plaintiff on the fifth day of July, 1871, at the special instance and request of the said defendant, became and was a passenger on the said railroad of the said defendant aforesaid, and in the cars thereof, to be safely carried from Fremont, Nebraska, to West Point, for a certain hire and reward paid to the said defendant in that behalf, and the said plaintiff was then received by the said defendant in the cars and on the road aforesaid as such passenger, to be carried thereby as aforesaid; yet the defendant not regarding its duties in that behalf, did, by its agents, negligently conduct the running of its said train of cars over said railroad, in which plaintiff was a passenger, out of the regular, usual, and advertised time for running such cars between the places aforesaid, and did run their said cars, in which plaintiff was a passenger, out of such regular, usual, and advertised time, and were at the time of committing the injuries hereinafter complained of, running about three-fourths of an hour behind the regular, usual and advertised time of the running of the same, and were at a point on said railroad at the time of committing the injuries herein complained of, several miles away from the place where such cars would have been at the time, had they been running the same on the regular, usual, and advertised time of running said cars, and because thereof were suddenly and violently thrown from the track by a sudden gust of wind which crossed that

part of the track, but not the part of the track where the said cars would have been if the train had been running on its usual, ordinary, and advertised time, upsetting the car in which plaintiff was seated, thereby greatly injuring plaintiff by her being badly cut and bruised, and became sick, lame, and unable to walk, and was wholly unable to attend to the transaction of her necessary business to the present time, to her damage in the sum of ten thousand dollars."

The defendant demurred to the petition on the ground:

"*First.* That there is no law requiring defendant to run its cars on its usual and advertised time.

*Second.* It is not shown by the petition that defendant's train at the time of the injury complained of was behind its usual and advertised time, through any negligence of defendant or its servants or agents.

*Third.* The damages claimed are remote and consequential and not the probable or natural consequences to be apprehended from the negligence alleged by plaintiff."

The code provides that the defendant may demur to the petition only when it appears upon its face,

*First.* That the court had no jurisdiction.

*Second.* That the plaintiff has not legal capacity to sue.

*Third.* That there is another action pending between the same parties for the same cause.

*Fourth.* That there is a defect of parties plaintiff or defendant.

*Fifth.* That several causes of action are improperly joined.

*Sixth.* That the petition does not state facts sufficient to constitute a cause of action.

The objections stated in the demurrer not being any of those provided by the code, can only be considered as a general demurrer " that the petition does not state facts sufficient to constitute a cause of action." *General Statutes, Sec.* 95, 540.

The demurrer was sustained by the district court, and judgment of dismissal entered, to review which, the cause is now brought here.

The general rule is, that even a wrong doer is liable only for the proximate consequences of his act or default, and this rule is certainly applicable to cases of mere negligence.

Injuries caused only remotely by reason of negligence, cannot be charged to the party in fault.

It is contended in this instance that while the injury was occasioned by the act of God, yet had the train been running on time, the accident would not have occurred, therefore the negligence of the defendant, in permitting the train to be three-fourths of an hour behind time, is the proximate cause of the accident.

Common carriers of goods are not only responsible for any loss or injury to the goods they carry, but the law raises an absolute and conclusive presumption of negligence whenever the loss occurs from any other cause than the act of God or the public enemy.

In the case of *Forward v. Pittard*, 1 *Term*, 27, in which the plaintiff's goods while in possession of the defendant as a common carrier, were consumed by fire, it was found that the accident happened without any actual negligence in the defendant, but that the fire was not occasioned by lightning. The court held that "a carrier is in the nature of an insurer. It is laid down that he is liable for every accident except by the act of God, or the king's enemies."

To prevent litigation the law presumes against the carrier unless he shows it was done by the king's enemies, or by such an act of God as could not happen by the intervention of man.

And it is held that if the carrier wrongfully delay the transportation of goods, and because of the delay they are injured by a flood, the carrier would be liable. *Lowe v.*

*Moss*, 12 *Ill.* 477.   *Reed v. Spaulding*, 30 *New York* 630.

This is the law as to common carriers of goods, and it is contended by the plaintiff that the same rule applies to common carriers of passengers.   As a rule the liability of the common carrier of goods does not depend upon his negligence, because he insures the owners of all the goods he carries against all loss or injury, not caused by the act of God or the public enemy.   The exception to this rule in the case of the carrier of passengers is, that he is liable *only* where the injury has arisen from his own negligence; he does not warrant the safety of passengers, but as far as human care and foresight go, he will provide for their safe conveyance; but if he is in the least degree negligent he is liable, because the law requires him to do all that care and skill can do for the safety of his passengers.   The only negligence alleged in the petition is, that the train was three-fourths of an hour behind the regular and advertised time, and it is contended by plaintiff that that of itself is such an act of negligence as entitles the plaintiff to recover.   While it was the duty of the defendant to have adopted such rules and regulations for the running of their trains, as would insure the safety of their passengers, and having adopted them, must conform thereto as far as possible, or be responsible for the consequences resulting therefrom, yet they are responsible only for such damages as are the natural and direct result of the act complained of.   *Redfield on Railways*, 2d *Edition*, *Section* 154.   *Dunton v. Great Northern Railway*, 34 *Eng. Law and Equity*, 154.

In this case the injury complained of, not being the natural result of the train being behind time, is too remote to entitle the plaintiff to recover.   All the justices concurring the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.