MERLE O. LEAVENS *v.* AMERICAN EXPRESS COMPANY.

November Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 9, 1913.

*Exceptions—Waiver—Carriers of Goods—Limitation of Common-law Liability—When Valid—Liability as to Mere Delivery—Excuses for Delay in Delivery—Bill of Lading—Presump-*

*tions as to Shipper's Knowledge of Terms and Conditions Thereof.*

Exceptions not briefed by the exceptor will not be considered on review.

Where it appears that a bill of lading was delivered to the shipper and accepted by him at the time goods were received by an express company for carriage, the law presumes that the shipper assented to the terms and conditions of the bill of lading, and agreed to be bound by them as far as they are reasonable and are not inconsistent with public policy.

The common law liability of a common carrier may be limited by contract provided the limitation is just and reasonable in law and not inconsistent with public policy.

In respect of the mere delivery of a shipment, a carrier of goods is not an insurer, but only a bailee, with the duty to deliver within a reasonable time in the circumstances.

Interruptions and hindrances caused by strikes and mob violence which cannot be overcome by proper care and effort, will excuse delay by a carrier in the mere delivery of goods, and hence a stipulation in a bill of lading that the carrier shall not be liable for damage occasioned by delay so caused is just, and reasonable, not inconsistent with public policy, and valid.

CASE for damages to goods occasioned by delay in delivering to the consignee. Pleas, the general issue and a special plea in bar. Heard on demurrer to the special plea, at the March Term, 1912, Orleans County, *Taylor,* J., presiding. Demurrer sustained, *pro forma,* and plea adjudged insufficient. The defendant excepted. The opinion states the case.

*Young & Young* for the defendant.

*Harry A. Black* for the plaintiff.

ROWELL, C. J. This is case for damage to green skins of small wild animals occasioned by delay in delivering to the consignee in New York City to which they were shipped from Newport, Vt.

The plaintiff declares upon the common law liability of common carriers. The defendant pleads in bar a certain provision of a special contract contained in the bill of lading, which bill, it is alleged, was delivered to the plaintiff and accepted by him at the time the goods were received for carriage, and constituted the terms and conditions on which they were to be transported, among which terms and conditions is the one relied upon, namely, that the defendant shall not be held liable for any loss, damage, nor delay by reason of strikes, mobs, nor riots. The plea then goes on to allege that when the goods arrived in New York a strike was in progress there among employees of various express companies other than the defendant's employees; that the defendant then and there had working for it substantially its full force of men, and at all times during said strike had a sufficient number of employees to operate its business without delay and in the usual manner, and made every possible effort to make prompt delivery, but was prevented therefrom by mobs of strikers and strike sympathizers and by violence, and repeatedly called upon the police force of said city for protection and assistence but received none, and that its employees were unable to perform their usual duties and make prompt delivery of goods without endangering their lives; but that immediately upon order being restored, the goods in question were delivered as soon as possible, and that whatever delay there was in their delivery was due entirely to said strike and violence and not at all to the fault nor negligence of the defendant.

The plaintiff demurs to this plea (1) because it does not appear that his attention was called to said agreement at the time of shipment; (2) because the limitation therein relating to strikes is unreasonable in law; (4) because said strike was among employees other than the defendant's; and (6) because, if the police force refused to assist as alleged, it must be presumed as matter of law that the defendant or its employees were the instigators rather than the victims of the alleged disorder.

The third and the fifth grounds of demurrer need not be noticed, as they go only to the right of the defendant to stipulate against its own negligence, which stipulation is not involved in the other grounds of demurrer. Nor do we further notice the fourth and the sixth grounds, as they are not briefed.

The objection that it does not appear that said agreement was brought to the attention of the plaintiff at the time of shipment is not tenable, for the plea alleges that the bill of lading was delivered to him at the time the goods were received for shipment and accepted by him; and as the demurrer admits this, the law presumes that he assented to its terms and conditions, and agreed to be bound by them as far as they are reasonable in the eye of the law and are not inconsistent with public policy. *Davis & Gay* v. *Central Vt. R. R. Co.* 66 Vt. 290, 29 Atl. 313, 44 Am. St. Rep. 852.

The question is, then, whether it was competent to the defendant to limit its liability as stipulated in respect of strikes, mobs, and riots. This depends upon whether the limitation is just and reasonable in the eye of the law, and not inconsistent with public policy. If both, it was competent; otherwise, not. *Davis & Gay* v. *Central Vt. R. R. Co.* 66 Vt. 290, 29 Atl. 313, 44 Am. St. Rep. 852; *Sprigg's Admr.* v. *Rutland R. R. Co.* 77 Vt. 347, 60 Atl. 143. This is settled law, as held in *Express Co.* v. *Caldwell*, 21 Wall. 264, 22 L. ed. 556, and shown by the cases generally. And that it was competent cannot be doubted, for the stipulation does not materially differ from the law, but is substantially the same as the law, by which as to the mere matter of delay in delivery, the carrier is not an insurer, but only a bailor, with the duty to deliver within a reasonable time in the circumstances, and though temporary interruptions and obstructions that cannot be overcome with proper care and effort will excuse delay, yet they will not relieve from the duty of delivering as soon as practicable after they are removed. This is too well settled to need the citation of cases. And interruptions and hindrances caused by strikes and mob violence are among those that excuse. This, too, is well settled, but we will, nevertheless, refer to some of the cases that hold it. *Gulf etc. Railway Co.* v. *Levi*, 76 Texas, 337, 13 S. W. 191, 8 L. R. A. 323, 18 Am. St. Rep. 45, is a leading case on this subject. There, on reargument, the court reversed its former decision of the case, and held that when, as there, the goods are actually transported and delivered, but the time of delivery is delayed by mobs, strikes, or other causes not under control of the carrier, the delay is excused.

So in *Pittsburgh etc. R. R. Co.* v. *Hazen*, 84 Ill. 36, 25 Am. Rep. 422, it is held that the plaintiff was not liable for damage to

goods in transit resulting from delay caused by the lawless, irresistible violence of men not in its employment, although some of them had then recently been.

In *Grismer* v. *Lake Shore etc. R. R. Co.* 102 N. Y. 563, 7 N. E. 828, 55 Am. Rep. 837, it is held that in the absence of special contract, there is no absolute duty resting upon a railroad carrier to deliver goods intrusted to it within what, in ordinary circumstances, would be a reasonable time; that not only storms and floods and other natural causes may excuse delay, but that the conduct of men may also excuse it; that an incendiary may burn a bridge, a mob tear up the tracks, disable the rolling stock, or interpose irresistible force or overpowering intimidation, in which cases the only duty resting upon the carrier not otherwise in fault is, to use reasonable efforts and due diligence to overcome the obstacles and forward the goods. There the defendant had employees who were ready and willing to manage its train and forward the goods, but they were prevented therefrom by mob violence that the defendant could not by reasonable efforts overcome, and it was excused. The doctrine of this case is approved and applied in *Haas* v. *Kansas City etc. R. R. Co.* 81 Ga. 792, 7 S. E. 629.

So it is held in *Lake Shore etc. R. R. Co.* v. *Bennett,* 89 Ind. 457, that where delay in transportation of stock is caused, not by the negligence nor wrongful act of the carrier nor its employees, but solely by the violence and riotous conduct of a lawless mob that the carrier and the civil authority are unable to resist and control, the carrier is not liable for damages resulting from the delay.

*The pro forma judgment sustaining the demurrer and holding the plea insufficient is reversed, the demurrer overruled, the plea adjudged sufficient, and the cause remanded.*