MEARLE O. LEAVENS *v.* AMERICAN EXPRESS COMPANY.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed February 10, 1914.

*Carriers—Delay in Delivery—Excuses at Common Law—Plead-*
*ing—Replication—Sufficiency—Demurrer—Specification of*
*Grounds—Special Demurrer—Necessity—Effect of Demur-*
*rer as Opening Record—Law of the Case.*

Where plaintiff sues in his own name, and not by a guardian or next
friend, it will be taken, the contrary in no way appearing, that he
had attained his majority when the suit was begun.

In an action against a carrier for delay in the delivery of goods, where
it pleaded a special contract exempting it from liability for delay
in delivery caused by strikes or mobs, and that prompt delivery
was prevented by mobs of strikers, strike sympathizers, and by
mob violence, a replication that, when the contract was made,
plaintiff was an infant, is bad on demurrer, because the facts
alleged in the plea, other than the contract, make a good defence
at common law.

In an action against a carrier for delay in the delivery of goods, where
this Court had already held that a plea, alleging a special contract
exempting defendant from liability for delay in delivery caused
by strikes or mobs, and that the delay in question was so caused,
stated a defence at common law irrespective of the contract, that
is "the law of the case," and a subsequent demurrer to a replication
to that plea, alleging plaintiff's infancy when the contract was
made, on the ground that the facts alleged in the plea, other than
the contract, constituted a good defence, stated the ground with
sufficient definiteness, for "when the court has put its finger on a
point a party is excused from also putting his there."

That a plea amounts to the general issue, or is double, or is argumenta-
tive, are objections that can be reached only by special demurrer.

No demurrer to a replication can reach mere defects of form in the
plea.

CASE for damages to goods caused by delay in the delivery. Heard on demurrer to the replication, at the September Term, 1913, Orleans County, *Waterman* J., presiding. Demurrer overruled, *pro forma,* and replication adjudged sufficient. The defendant excepted. The opinion states the case, which has been once before in Supreme Court; 86 Vt. 342.

*Young & Young* for the defendant.

*Harry A. Black* and *Colby Stoddard* for the plaintiff.

HASELTON, J. This case has been once before this Court upon questions of pleading. 86 Vt. 342, 85 Atl. 557. The plaintiff declared upon the common law liability of common carriers. The defendant pleaded the general issue and a special plea in bar setting out a provision of a contract between the plaintiff and the company which provided that the defendant should not be held liable for any loss, damage, or delay, caused by the enemies of the government or by the restraints of government or by strikes, mobs, riots, insurrections, pirates, or by hazards incident to a state of war. The plea recites that when the goods arrived at the place of destination, the City of New York, the defendant was prevented from making prompt delivery by mobs of strikers, strike sympathizers, and by mob violence, and that whatever delay there was in the delivery of the goods shipped, and whatever damage accrued to them was due solely to the causes stated and not to any negligence on the part of the company, and that the property in question was delivered to the consignee thereof without unreasonable delay as soon as the condition referred to would permit. The allegation that the goods were transported without damage is perhaps argumentative, but it is sufficient as the case now stands.

The plaintiff demurred to this plea but on consideration it was held good by this Court; and it was considered that the things set out excused the delay in mere delivery on common law grounds and without reference to the stipulation. The law of the subject is not here discussed. It is sufficient to refer to the former opinion in the case.

The plea being adjudged sufficient the cause was remanded and thereupon the plaintiff filed a replication to the plea setting out that at the time of the making of the contract which con-

tained the stipulation referred to he was an infant within the age of twenty-one years.

The contract is set out as made October 27, 1910. The suit was brought August 23, 1911, and as it was not brought by a guardian or next friend it is to be taken, nothing further appearing in that regard, that upon the bringing of the suit the plaintiff had attained the age of twenty-one years.

The replication setting up infancy was filed May 12, 1913. To this replication the defendant demurred. The demurrer was overruled *pro forma,* the replication adjudged sufficient, exceptions taken by the defendant, and the cause was again passed to this Court, on the questions raised in the new state of the pleadings, before trial.

The grounds of demurrer specified are numerous in form, but in substance are two. It is said that the failure of the plaintiff to plead infancy when the contract was set up as a defense was in law an affirmance or ratification of the contract, that he could not experiment by asserting the invalidity of the plea which set out the contract stipulation and, after that question was determined against him, be heard to say that the contract was voidable on the ground of his infancy when it was made. This question it does not seem necessary to pass upon, for one ground of the demurrer is that the matters averred in the plea constitute a good defense at common law without reference to the contract which the plaintiff seeks to disaffirm; and this was clearly the holding when the case was here before, and is the law. And so the replication is bad, for it professes to be an answer to the whole plea whereas it is not.

The plaintiff recognizes this difficulty but claims that this ground of demurrer is not stated with sufficient definiteness, that the demurrant should put his finger upon the very point. This might be were it not for the opinion in the case when it was here before, but in the light of that opinion the assignment is sufficient. When the Court already has its finger on a point a party is excused from also putting his there.

The plaintiff claims that the plea is bad and that, since a demurrer to a replication reaches back through the pleadings, he can raise that question now. But he is immediately confronted with the decision in the case as formerly reported that the plea is good and sufficient, a holding which has become the law of this case.

Perhaps the matter stated in the special plea so far as it constitutes a good defense, might have been shown under the general issue. If so the special plea was bad as amounting to the general issue. Very likely the plea was double, and perhaps was in some respects argumentative. But an objection on any of the grounds suggested must be taken by special demurrer.

We mention these formalities because when the plea was adjudged sufficient on the former hearing no such ground of demurrer was relied upon, 86 Vt. 342, 349, 85 Atl. 557, and because if the sufficiency of the plea were an open question it could not here be attacked on these grounds since no demurrer to a replication has any other effect than that of a general demurrer in its relation to the plea replied to.

The plaintiff claims that the defendant cannot take advantage of faulty pleading. But it is the plaintiff who is in no position to assert the claimed faults in the plea for it has been adjudged sufficient in this case against all objections which the plaintiff chose to rely upon, and if the matter were an open one the questions are such that the law does not permit them to be raised except by special demurrer, and will permit no demurrer to sustain that character in reaching back through the pleadings for defects to fasten upon. What the law discourages in pleading is reliance upon matters not of substance. P. S. 1497; Stat. 27 Eliz. Chap. 5.

*The pro forma judgment is reversed, the demurrer sustained, the replication adjudged insufficient, and the cause remanded for trial on its merits.*