FENIGER *v.* AMERICAN RAILWAY EXPRESS CO.

1. CARRIERS—EXPRESS COMPANIES—SHIPPER PRESUMED TO KNOW CONDITIONS PRINTED ON UNIFORM RECEIPT.
   A shipper is presumed to have known and consented to the conditions limiting the liability of an express company on an interstate commerce shipment as printed upon its uniform express receipt, in effect a bill of lading, which were approved by the interstate commerce commission and are not inconsistent with public policy nor inimical to the Federal transportation law.

2. SAME—STRIKES—NO PRESUMPTION AGAINST SHIPPER'S KNOWLEDGE OF NATION-WIDE STRIKE.
   Where a nation-wide strike of railroad employees existed, it cannot be presumed that a shipper had no knowledge thereof, thus imposing upon an express company the duty of disclosing said fact before accepting a shipment of flowers subject to delay by reason of strikes.

3. SAME—SHIPPER'S DUTY TO INQUIRE FOR SHIPPING CONDITIONS IN CASE OF RAILROAD EMPLOYEES' STRIKE.
   If a shipper has not all the information he desires *as to*

On duty of carrier where act of God has occurred or threatened, see notes in 29 L. R. A. (N. S.) 671; L. R. A. 1916D, 981.
On effect of strike on carrier's liability for delay in transportation, see note in 35 L. R. A. 624.

the circumstances or causes which will expedite or delay the delivery of the goods during a strike of railroad employees, it would be more reasonable that he should make inquiry than to impose on the carrier or its agents the duty of giving, unasked, a statement of such circumstances.

4. SAME—STIPULATED FACTS BINDING ON COURTS.
Where the stipulated facts show that delay in transportation of a shipment of flowers resulting in a loss to the shipper was caused by a strike of railroad employees, and that by its contract with the shipper the carrier was exempt from liability therefor, the courts may not go beyond the stipulated facts to infer the contrary.

5. APPEAL AND ERROR—STIPULATED FACTS STAND AS FINDINGS OF FACT BY COURT—EXCEPTIONS NECESSARY IN ORDER TO REVIEW.
Since stipulated facts stand, in effect, as findings of fact by the trial court, in the absence of exceptions thereto there is nothing before the appellate court to review, except the question of whether the facts stipulated support the judgment.

6. CARRIERS—STIPULATED FACTS HELD TO SUSTAIN JUDGMENT.
In an action by a shipper against an express company for damages for delay in transportation of a shipment of flowers, stipulated facts that the delay was caused by a strike of railroad employees, and that by its contract of transportation the carrier was exempt from liability therefor, *held*, sufficient to support a judgment for defendant.

Error to Wayne; Jayne (Ira W.), J.    Submitted October 17, 1923.    (Docket No. 44.)    Decided March 5, 1924.

Assumpsit in justice's court by William Feniger and Samuel Bloom, copartners as the Detroit Florists' Exchange, against the American Railway Express Company for delay in the transportation of flowers. There was judgment for defendant, and plaintiffs appealed to the circuit court.    Judgment for defendant. Plaintiffs bring error.    Affirmed.

*G. Sweetman Smith,* for appellants.

*Campbell, Bulkley & Ledyard (Edward P. Wright,* of counsel), for appellee.

STEERE, J.    Plaintiffs are Detroit florists.    On Friday, May 14, 1920, they caused to be delivered to defendant in Chicago 6 boxes of flowers consigned for transportation to them at Detroit, and paid it "the proper express rate for cut flowers."    Due to condition of the flowers when delivered to them on May 17, 1920, their net loss amounted to $285.50.    This action was begun in justice's court of Wayne county to recover that loss from defendant, imputed to its negligent delay in transportation and delivery.    Retrial on appeal in the circuit court of Wayne county before the court without a jury resulted in a judgment for defendant of no cause of action.

The facts were stipulated.    In addition to those before stated, it appeared that in the usual course of business the shipment would have been delivered to the consignees in Detroit on the morning following its delivery to defendant in Chicago.    This shipment arrived in Detroit on Saturday, May 15, 1920, the next day after its consignment in Chicago, but too late for its delivery to the consignees.    Sunday intervened and it was not received by them until the following Monday.    The delay was the proximate cause of the undisputed damages.    Paragraph 7 of the stipulated facts states, "that this delay was the result of the causes set forth in paragraph five above" which is as follows:

"5. That on the 14th day of May, 1920, and for some time previous and subsequent thereto, there existed a traffic strike on the part of the employees of the various railway systems throughout the United States; that said strike caused the congestion of cars and traffic and withdrew from service on their regular runs, certain scheduled trains."

Paragraph 4 of the stipulated facts states:

"4. That at the time of the delivery of said shipments to said defendant the various consignors, each and every one thereof, accepted the defendant's uniform express receipt bearing the notation 'subject to delay;' that at the time of said delivery to the said defendant, the consignors, each and every one thereof, had actual knowledge of said notation." * * *

Defendant's uniform express receipt provides amongst other things:

—"unless caused in whole or in part by its own negligence or that of its agents, the company shall not be liable for loss, damage or delay caused by * * * the act of God, public enemies * * * riots, strikes," etc.

This was an interstate commerce shipment. Defendant under its plea of the general issue gave special notice of the defense that its liability was limited and defined by the uniform express receipt constituting the contract under which the shipment was accepted and transported. It is in form approved by the interstate commerce commission as well as the Michigan public utilities commission, and that the Federal laws have been complied with in that particular is not questioned. Plaintiff accepted the uniform express receipt, in effect a bill of lading, and shipped the goods without complaint. They are presumed to have known and assented to the conditions it contained, which are not inconsistent with public policy nor inimical to the Federal transportation law. *Leavens* v. *Express Co.*, 86 Vt. 342 (85 Atl. 557, Ann. Cas. 1915C, 1188); *Smith* v. *Express Co.*, 108 Mich. 572; *Inman & Co.* v. *Railway Co.*, 159 Fed. 960; *Atchison, etc., R. Co.* v. *Robinson*, 233 U. S. 173 (34 Sup. Ct. 556).

It may be conceded as contended for plaintiffs that the notation upon this receipt, "subject to delay,"

of which they all had actual knowledge, does not in itself constitute a special contract; but it called special attention to the matter of delay, as provided for in the receipt given them which they presumptively assented to at a time when a nation-wide strike was on and generally known prevailing conditions in transportation suggested a possibility if not a probability of delay.

It is urged for plaintiffs that it was defendant's duty to disclose to them at the time it received the goods for carriage the existence of the strike which might cause delay, and having failed to do this the delay does not excuse, quoting from 10 C. J. p. 290 the general rule that:

"Where goods are tendered to a carrier for transportation, it is bound to advise the shipper as to any cause likely to delay transportation, which cause is within its knowledge, or within its fair and reasonable means of knowledge, and not within the knowledge of the shipper;" etc.

It is not shown, and under the circumstances cannot in reason be presumed, that plaintiffs had no knowledge of any cause which might delay transportation. Under the stipulated facts the following rule is more in point to the situation presented here:

"If the shipper has not all the information he desires as to the circumstances or causes which will expedite or delay the delivery of the goods; it would be more reasonable that he should make inquiry than to impose on the company or its agents the duty of giving, unasked, a statement of such circumstances." 1 Michie on Carriers, p. 610.

Plaintiffs concede that the burden of proof is upon them and say, with citation of authorities, that, delay beyond the usual time being shown, they have made out a *prima facie* case of negligence. Conceding that proposition, we find it also shown that the delay was the result of the strike "which caused congestion of

cars and traffic and withdrew from service, on their regular runs, certain scheduled trains." It is a legal maxim of extensive practical application that express mention of one thing is to the exclusion of another of like kind or class. The stipulated facts only specify delay as the proximate cause of the damages and said delay resulted from a described strike, which by the terms of the contract of transportation is a cause expressly exempting defendant from liability. Neither the trial court nor this can go beyond the stipulated facts to infer to the contrary, or to theorize on whether or not other causes upon which negligence could be predicated might have caused or contributed to the delay. The stipulated facts cannot be questioned or enlarged by the court. They stand in effect as findings of fact by the trial court.

The record fails to show any exceptions were taken by plaintiffs, and it is urged for defendant the appeal should be dismissed because, in the absence of exceptions, there is nothing before the court to review. In *Stafford* v. *Crawford,* 118 Mich. 286, this court said:

"The failure to file exceptions to the findings would also, even if the findings were regular, preclude us from examining any other question than that of whether the findings support the judgment."

In *Kooman* v. *De Jonge,* 186 Mich. 292, where, as here, the case was heard before the court without a jury on stipulated facts and no exceptions taken, this court held that when the parties submit a cause to the court upon a stipulation of facts, instead of requesting the court to find them, the question of whether the facts stipulated support the judgment is yet open to the appealing party, if made the basis of an assignment of error.

None of plaintiffs' five assignments squarely present that question in plain and direct language; but assum-

ing that it is inferentially raised, we must conclude that the stipulated facts do support the judgment, which is therefore affirmed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred. BIRD, J., concurred in the result.