THE SUPREME LODGE KNIGHTS OF PYTHIAS

*v.*

KATE McLENNAN.

*Opinion filed February 14, 1898.*

1. PLEADING—*when demurrer to special plea cannot be carried back to declaration.* A demurrer to a special plea cannot be carried back to the declaration when there is a plea of general issue on file challenging the allegations of fact.

2. SAME—*pleading to merits waives objections to declaration not going to right of recovery.* Withdrawing a demurrer to a declaration and pleading to the merits waive all objections to the declaration not going to the substance of the right of recovery.

3. SAME—*defects in form are cured by verdict.* An alleged defect in a declaration, in that it imperfectly states the cause of action, is cured by pleading to the merits, after a trial and verdict.

4. BENEFIT SOCIETIES—*when member is not bound by by-law adopted by board of control.* An agreement in an application for membership in a benefit society that the applicant shall be bound and his contract of insurance be controlled by by-laws then in force or which might thereafter be enacted "by the supreme lodge," does not include in its terms a by-law subsequently enacted by a "board of control," which provides for forfeiture of insurance upon self-destruction of members, whether sane or insane at the time.

*Supreme Lodge K. of P.* v. *McLennan,* 69 Ill. App. 599, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

W. S. FORREST, and BENSON LANDON, for appellant:

The declaration will not support the judgment for the following reasons:

*First*—It appears from the declaration, as amended, that the contract sued on and set out in said declaration is not the contract of the defendant. Niblack on Benefit Societies, sec. 148.

*Second*—The declaration, as amended, does not aver performance or waiver of the following conditions precedent contained in said contract: (*a*) payment of assess-

ments as required; (*b*) compliance by the assured with all laws governing the rank, now in force or hereafter en- acted; (*c*) notice and proof of death and good standing in the rank at the time of death, and surrender of certificate. 1 Chitty's Pl. 320, 321; *People* v. *Glann,* 70 Ill. 232; *Insur- ance Co.* v. *Rogers,* 119 id. 474; *Order of Mutual Aid* v. *Paine,* 17 Ill. App. 572; 4 Ency. of Pl. & Pr. 641, note 2.

It was error to sustain appellee's demurrer to appel- lant's third plea, because of the defects in the declaration above indicated the demurrer should have been carried back to the first defective pleading. *Mudge* v.*Rinkle,* 45 Ill. App. 604; *Dupee* v. *Blake,* 148 Ill. 453.

The assured agreed that the contract should be gov- erned by by-laws thereafter enacted and in force at the time of his death. This makes such a subsequent by-law as the one set up in the third plea a part of the original contract, and not *ex post facto,* as the demurrer charges. Niblack on Accident Insurance, (2d ed.) sec. 137; Bacon on Benefit Societies, secs. 185-188; *Knights of Golden Rule* v. *Ainsworth,* 71 Ala. 449; *Bogards* v. *Insurance Co.* 79 Mich. 440; *Hutchinson* v. *Knights,* 22 N. Y. Sup. 801; *May* v. *Society,* 14 Daly, 389; *Bowie* v. *Grand Lodge,* 34 Pac. Rep. 103; *Stohr* v. *Society,* 22 id. 1125; *Knights of Pythias* v. *Knight,* 20 N. E. Rep. 479; *Hobbs* v. *Benefit Ass.* 47 N. W. Rep. 983; *Ellerbe* v. *Faust,* 25 S. W. Rep. 390.

JOHNSON & MCDANNOLD, for appellee:

After a demurrer to declaration is overruled and the general issue pleaded, a demurrer to a defective special plea cannot be carried back to the declaration. *Brawner* v. *Lomax,* 23 Ill. 496; *Bills* v. *Stanton,* 69 id. 51.

The general issue disposes of the demurrer, and of matters to be reached by it, in every subsequent stage. *Bills* v. *Stanton,* 69 Ill. 51; *Compton* v. *People,* 86 id. 176.

The defendant, after pleading the general issue, is es- topped from carrying a demurrer which plaintiff has in- terposed to its other pleas, back to the declaration. *Wear*

*v. Railroad Co.* 24 Ill. 594; *Wilson* v. *Myrick,* 26 id. 35; *Culver* v. *Bank,* 64 id. 528; 6 Ency. of Pl. & Pr. p. 322, and cases.

A motion must be made to carry the demurrer back upon the declaration. *Schofield* v. *Settley,* 31 Ill. 515.

The withdrawal of a demurrer estops the pleader from afterwards insisting upon it. *Hull* v. *Johnston,* 90 Ill. 604.

Assignments of error not specified in motion for new trial will be regarded as waived on appeal. *Brewing Co.* v. *Boddie,* 162 Ill. 346; *Railroad Co.* v. *McMath,* 91 id. 104.

The supreme lodge cannot delegate to a board of control power to pass a law providing that no beneficiary of a member who commits suicide shall be entitled to benefits. *Knights of Pythias* v. *LaMalta,* (Tenn.) 31 S.W. Rep. 493.

The insurer has no right, without the assent of the assured, to impose any new conditions affecting the contract to his injury, or, by a by-law passed after the making of the contract, forfeit his rights under it. The rights of a party insured stand entirely free from such control. *Aid Ass.* v. *Wanner,* 24 Ill. App. 357; *Turnpike Co.* v. *Swan,* 10 Mass. 384; *Insurance Co.* v. *Foote,* 79 Ill. 361; *Metropolitan Accident Ass.* v. *Windover,* 137 id. 417; 37 Ill. App. 170; 2 May on Insurance, p. 1256, note 7; *Insurance Co.* v. *Butler,* 34 Me. 451; *Insurance Co.* v. *Hobart,* 2 Gray, 543; *Insurance Co.* v. *Connor,* 17 Pa. St. 136; *Bradfield* v. *Insurance Co.* 4 La. 289; *Rosenberger* v. *Insurance Co.* 6 Norris, 267; *Van Slyke* v. *Insurance Co.* 48 Wis. 683.

Mr. Justice Boggs delivered the opinion of the court:

The action below was assumpsit, brought in the Superior Court of Cook county by the appellee, against the appellant lodge, to recover upon a policy of insurance in the sum of $3000, which the declaration alleged the "appellant lodge made and delivered" to the appellee, insuring the life of one Kenneth McLennan in that amount for the benefit of appellee. Judgment was entered in the Superior Court in the sum named in the policy, which judgment was affirmed in the Appellate Court upon an

appeal prosecuted by the lodge. The case comes into this court by a further appeal of the appellant lodge from the judgment of the Appellate Court.

In the Superior Court the appellant lodge interposed a demurrer questioning the sufficiency of the declaration, but afterwards applied to the court for leave to withdraw the demurrer. Such leave being given, appellant filed a plea' of the general issue and a special plea. Appellee added the *similiter* to the plea of the general issue and demurred to the special plea. Leave was granted the appellee to amend the declaration, and such amendment was made instanter, and an order entered that the pleas to the original declaration should stand to the declaration as amended, and that the appellant lodge should have leave to file a second special plea. Such additional or second special plea was filed and a demurrer presented against it. The court sustained the demurrer to the first and second special pleas, and the appellant lodge elected to abide by such pleas and applied for and was granted leave to withdraw its plea of the general issue. Damages in the sum of $3000 were assessed by a jury and judgment entered therefor.

The first assignment of error is that the declaration is insufficient in law, and that the Superior Court erred in not carrying the demurrers to the special pleas back to the first defective pleading,—the declaration. When the court decided the special pleas were obnoxious to the demurrers the plea of the general issue was on file. When the general issue is on file challenging the allegations of fact set out in the declaration, a demurrer to a special plea cannot be carried back to the declaration. (6 Ency. of Pl. & Pr. p. 332, and numerous decisions of this court cited in note 3.) Having withdrawn the demurrer to the declaration and filed a plea to the merits, the appellant must be regarded as having waived all objections to the declaration not going to the substance of the right of recovery.

The alleged insufficiency in the declaration is, that it omits allegations necessary to the full and complete statement of a cause of action.  Conceding this criticism to be just, it is but that the declaration defectively states a cause of action.  The objection to the declaration was not raised in the trial court.  Had it been suggested there it could have been readily obviated by amendment.  It is a familiar rule that pleading to the merits, a trial and verdict cure such defects as are alleged to exist in the declaration.

It is not complained the court erred in sustaining the demurrer to the first special plea, but it is contended it was error to sustain the demurrer to the second special plea.  This second special plea alleged that the policy in suit was issued in consideration of a written application therefor made by the said Kenneth McLennan, and that in and by said written application said McLennan agreed "to be governed by, and the said contract of insurance should be controlled by, all the laws, rules and regulations of the order governing said rank, now in force or that may hereafter be enacted by the Supreme Lodge Knights of Pythias of the World," and that the board of control of the said endowment rank, having full power to enact laws, rules and regulations for the government of the said rank, after the issuing of the said policy adopted a by-law which provided that if the death of any member of the rank, whether admitted to the rank before or after the passage of the by-law, should result from self-destruction, voluntary or involuntary, whether such member should be at the time sane or insane, the policy of insurance to such member should be forfeited.  The plea further averred the death of the said assured resulted from self-destruction.

A number of grounds are urged in support of the demurrer to this plea, but it is only necessary we should advert to one of them, as in our opinion it presented a fatal objection to the sufficiency of the plea.  The plea

alleges the assured contracted to be bound by any by-law enacted by the Supreme Lodge Knights of Pythias of the World, and does not aver that the by-law relied upon to defeat the policy was enacted by the said supreme lodge. The averment in this respect is, "that the board of control of the endowment rank of the said supreme lodge adopted the by-law so relied upon." It is alleged in the plea said board of control had full power to enact the by-law, but that allegation is merely a conclusion of the pleader as to a matter of law upon which no issue of fact could be raised. The assured was not bound by his contract to observe or be controlled by a by-law enacted by any law-making body other than the supreme lodge. Moreover, as matter of law, the Supreme Lodge Knights of Pythias of the World could not delegate to the board of control the law-making power which it possessed.

We quote with approval the observations of the Supreme Court of Tennessee in the case of this appellant lodge against LaMalta and others, (31 S. W. Rep. 493,) upon this point, as follows: "It (the supreme lodge) could not abdicate its high position and transfer its law-making power to such board or other agency. Though the supreme lodge may have had full power, under its charter, to pass the law in question in this case, (and we think it had,) we have no hesitation in holding that it could not bestow such power upon the board of control, so that it is earnestly insisted and contended in this case, that even if the supreme lodge may have had the right and power to pass such a by-law or amendment, that it could not delegate its authority to a board of control, and that the appellee in this case is not bound by an amendment passed by such board of control. The contract is with the supreme lodge—not with the board of control."

The judgment of the Appellate Court must be and is affirmed.                    *Judgment affirmed.*