## Supreme Lodge Knights of Pythias v. Matilda Trebbe.

1.  INSURANCE—*Suicide as a Defense in the Absence of a Stipulation to that Effect.*—When the policy or the constitution and by-laws of an insurance company contain no provisions qualifying the right to recover if the assured takes his own life, suicide, in the absence of fraud or collusion, is not a defense.

2.  BY-LAWS—*Supreme Lodge Knights of Pythias.*—A member of a subordinate lodge of the benevolent order of the Knights of Pythias is not bound by his contract of insurance to observe or be controlled by a by-law of said order, enacted by any law-making body other than the supreme lodge, and such supreme lodge can not delegate its power to make by-laws to the board of control of the order.

3.  SAME—*When Invalid—Improper Enactment.*—The concurrence by the Supreme Lodge of the Knights of Pythias in the report of the board of control of a subordinate lodge embodying a by-law enacted by such board of control, does not constitute the enactment of a valid by-law of the order, by such supreme lodge, under a constitution requiring that all by-laws be read on three different days and passed by a yea and nay affirmative vote of a majority of all the members.

4.  STIPULATION—*Waiving Proof of By-Laws.*—In an action upon a beneficiary certificate of the order of the Knights of Pythias, a stipulation made during the trial for the purpose of relieving the defendant from the burden of producing the original by-laws and making preliminary proof, and that printed copies produced might be treated as authentic, does not admit the validity of such by-laws.

Assumpsit, on a beneficiary certificate.   Appeal from the City Court of East St. Louis; the Hon. ALONZO S. WILDERMAN, Judge, presiding.

Heard in this court at the August term, 1897.   Affirmed.   Opinion filed
March 1, 1898.

WARWICK M. HOUGH, attorney for appellant.

The suicide by-law is a reasonable by-law.   Supreme Com-
mandery, Knights of G. R. v. Ainsworth, 71 Ala. 436;
Daughtry v. Knights of Pythias, 20 So. Rep. 712.

And the conditions "sane or insane, voluntary or invol-
untary," are valid.   Haynie v. Knights Templars, etc., 41
S. W. Rep. 461.

M. MILLARD and F. C. SMITH, attorneys for appellee.

When there is no stipulation in the contract of insurance
that suicide shall defeat the right to recover, a defense on
that ground will not be allowed.   Bacon Ben. Soc., Par. 337;
Kerr v. Minnesota Mut. Benefit Ass'n, 39 Minn. 174; Mills
v. Rebstock, 29 Minn. 380; Fitch v. American P. Life Ins.
Co., 59 N. Y. 557; Darrow v. Family Fund Soc., 116 N. Y.
537; Northwestern B. & M. A. Ass'n v. Wanner, 24 Ill.
App. 357.

Suicide is defined to be " the intentional taking of one's
own life; self-murder; voluntary self-destruction," etc.   In
life insurance it always means a willful act of self-destruction.
And when a person is found dead and there is no proof as
to how it occurred the presumption is that death resulted
from natural causes or was accidental.   The averment that
he destroyed himself is not to be understood as meaning
that he committed suicide or intentionally killed himself.
Under the rule followed in construing pleadings the infer-
ence must be drawn that the act was accidental.   The legal
presumption arising from the fact alone of self-killing is
that death was innocent and unavoidable.   The law makes
that deduction, so far as the proof is concerned, and stating
the fact in a plea without alleging an intention can not be
extended by implication.   If the fact of death alone is
averred or proved the inference is that it was not suicide.
See Mallory v. Travelers' Ins. Co., 54 N. Y. 651.

OPINION PER CURIAM.

This was an action of assumpsit to recover on a benefit

certificate for $3,000, issued in 1889, by appellant, to the husband of appellee.

The defendant pleaded the general issue and a special plea as follows :

" And for further plea in this behalf appellee says that it is a fraternal and benevolent association, duly and legally incorporated as such by a special act of Congress of the United States of America, conducted under the lodge system, having only social, charitable and benevolent features in its organization, and incidentally thereto issues to its members of its subordinate lodges, and to them only, benefit certificates, through what are known as sections of the Endowment Rank.

" That on the 19th day of August, 1889, the said G. H. Trebbe, named in plaintiff's declaration, being then a member of one of the subordinate lodges, did make application for, and this defendant did issue to him the certificate of membership herein sued on, wherein and whereby it was agreed between this defendant and the said Trebbe that the same was based upon the declarations, representations and agreements made in his certain application for such membership, bearing date the 19th day of August, 1889; and wherein and whereby it was provided and agreed that the said certificate, to be issued thereunder, was dependent for its validity upon a full compliance by the said G. H. Trebbe with all the conditions therein contained, and that it should be controlled by all the laws, rules and regulations of the order governing the Endowment Rank of this defendant then in force, or that might thereafter be enacted by the Supreme Lodge Knights of Pythias of the World.

" And this defendant further alleges that in January, 1893, while the said certificate herein sued on was in force, and during the lifetime of the said G. H. Trebbe, and a long time prior to his death, as hereinafter stated, it enacted a law, rule and regulation providing that if the death of any member of the Endowment Rank should result from self-destruction, either voluntary or involuntary, whether such member should be sane or insane at the time, then and in

such case, the certificate issued to such member, and all claims against said Endowment Rank on account of such membership should be forfeited and the certificate issued on the application aforesaid should become null and void.

" And this defendant further alleges that on the 7th day of September, 1896, and while said law, rule and regulation of the order, as aforesaid, was in force, the said G. H. Trebbe destroyed himself by shooting himself with a pistol in the city of East St. Louis, Illinois, which resulted in his immediate death, whereby, by the terms of his application aforesaid, and by virtue of the laws of said Endowment Rank in force at the time of his death the said certificate became null and void and of no effect, and the benefits to be derived from which membership were lost to him and the beneficiaries therein.

" And this the defendant is ready to verify; wherefore he prays judgment if the plaintiff ought to have his aforesaid action against him," etc.

At conclusion of the hearing, the court directed the jury to return a verdict for appellee for $3,000.

It is contended by appellant that the action of the court in directing the jury to find for appellee is error. The testimony tends strongly to prove that the assured took his own life, and it is urged that such, if found by the jury to be a fact, is of itself sufficient to avoid the insurance, irrespective of any stipulation in the contract or provision in the by-laws on that subject.

We are of opinion that under the facts, as shown by the evidence in this case, appellant's position is not well taken. In Bacon's Benefit Societies and Insurance, at Sec. 337, it is said : " Where the policy, or the constitution and by-laws of the society or order contain no provision qualifying the right to recover if the assured or member takes his own life, suicide is not a defense." To the authorities cited by the author in support of the text, we add : Supreme Lodge Knights of Pythias v. Kutscher, Adm'r, 72 Ill. App. 462. The insurance in this case is not payable to the estate of deceased, but to a beneficiary named, and there is no evidence of fraud or collusion.

Under the issues raised by the pleadings, appellee made on the trial a *prima facie* case, and the material facts of her case not being contested she was entitled to a verdict unless appellant produced competent evidence tending to prove all the averments of its special plea. The plea depends for its support on the validity of a by-law passed in 1893 by the board of control of the Endowment Rank of Knights of Pythias. In the cases of the Supreme Lodge Knights of Pythias v. Kutscher, Adm'r, above referred to, and the Supreme Lodge Knights of Pythias v. McLennan, 171 Ill. 417, it is held in substance that the assured was not bound by his contract to observe or be controlled by a by-law enacted by any law-making body other than the Supreme Lodge; that the Supreme Lodge could not delegate to the board of control the power to make such by-law.

It is contended that under a stipulation made during the trial, it is immaterial in this case for the court to determine whether or not the by-law in question is valid; that the stipulation admits its validity. We do not so interpret the stipulation. Its sole purpose was to relieve appellant from the burden of producing originals and making preliminary proof, and that the court might treat the printed copies tendered as authentic. It is also contended that the Supreme Lodge in 1894, by the adoption of a report of the board of control, thereby made the by-law in question a valid by-law of the Supreme Lodge. On the first day of September, 1894, the Supreme Lodge adopted a new constitution, which, we are of opinion, went into effect that day. The by-law was not incorporated into that constitution, nor was anything pertaining to it. The provisions of that constitution require all by-laws enacted by the Supreme Lodge to be introduced as bills, to be read on three different days, to pass by yea and nay vote, and that the affirmative vote of a majority of all the members shall be necessary to make the bill a law. At the same meeting of the Supreme Lodge, the board of control presented its biennial report, containing among other things, the by-law in question, which that board had adopted in 1893. The report was

referred to a committee which made report thereon as follows: "Your committee on Endowment Rank to whom was referred the biennial report of the board of control, beg leave to report that they have given the same careful consideration in every respect and fully concur in and approve of the legislation in all details enacted by said board for the government of the Endowment Rank." The report of this committee was adopted by the Supreme Lodge on September 7, 1894. Such action on the part of the Supreme Lodge, at that time did not constitute the enactment of a valid by-law.

A material averment of appellant's special plea is wholly unsupported by any competent evidence.

Both cases above referred to are almost identical with this, and are so fully stated and discussed that we do not feel called upon to state this case fully or treat it at length.

We are of opinion the trial court committed no error in directing the jury to find for appellee.

The judgment of the trial court is affirmed.