Bischoff v. The General A., F. & L. Assur. Corp., 180 Ill. App. 405.

## Emilie Bischoff, Appellee, v. The General Accident Fire & Life Assurance Corporation, Ltd., Appellant.

## Gen. No. 17,526.

1. APPEALS AND ERRORS—*when bill of exceptions stricken.* Where the time for filing a bill of exceptions is extended by the Municipal Court on application made more than sixty days after entry of judgment, the bill will be stricken from the files on motion of appellee.

2. APPEALS AND ERRORS—*when defendant cannot question sufficiency of declaration.* In an action on an insurance policy, defendant cannot raise the question for the first time in a court of review that the declaration fails to allege that proofs of loss were furnished.

3. PLEADING—*defects cured by verdict.* In an action on an insurance policy, where plaintiff fails to allege in his declaration that proofs of loss were furnished to defendant and defendant does not object to the declaration on the trial, the defect is cured by verdict.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed May 21, 1913.

JOHN A. BLOOMINGSTON, for appellant.

BEACH & BEACH, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This was a suit instituted by appellee against appellant to recover the amount of a policy of accident insurance issued by appellant to Gustav Bischoff, the husband of appellee. A trial in the Municipal Court resulted in a verdict and judgment against appellant for $6,300, to reverse which judgment it prosecutes this appeal.

The time for filing the bill of exceptions was extended by the Municipal Court upon an application

therefor made more than sixty days after the entry of judgment, and upon motion of appellee heretofore made in this court the said bill of exceptions was stricken from the files upon the authority of *Lassers v. North-German Lloyd Steamship Co.*, 244 Ill. 570, and *Haines v. Knowlton Danderine Co.*, 248 Ill. 259. These cases are final authority upon the question of the propriety of our former action and we respectfully decline the invitation extended to us by appellant to review such action or ignore the cases cited.

In the absence of a bill of exceptions the only errors reviewable here are such as are assigned upon what corresponds to the common-law record.

The declaration sets out the policy in full and alleges that the same was in full force and effect on, to-wit: November 3, 1909, at the time of the death of the insured which resulted solely from bodily injuries, caused exclusively by external, violent and accidental means, of all of which appellant received due and written notice at its office in Philadelphia, on, to-wit: November 8, 1909; by reason whereof, etc.

The preamble in the policy provides, in part, as follows:

"And in further consideration of written notice to the Corporation at Philadelphia, as soon as may be possible after date of accident, of death, or disability for which claim be made　＊　＊　＊　．"

The tenth provision under the designation "General Agreements" provides, as follows:

"Affirmative proof of loss under Provisions 1, 2, 3, 5, 7 or 8 shall be furnished within sixty days from the time of death, or loss of limb, or of sight, or of the termination of temporary disability. No action at law shall be maintainable before two months or after six months from the date of the filing of the required proof of loss."

As the declaration fails to allege specifically that proofs of loss were furnished to appellant, it is insisted that it is fatally defective and insufficient to support the judgment, even after verdict.

Bischoff v. The General A., F. & L. Assur. Corp., 180 Ill. App. 405.

Appellant did not challenge the sufficiency of the declaration by demurrer, but pleaded the general issue and two special pleas.

The bill of exceptions having been properly stricken from the files neither the motion in arrest of judgment, if any such motion was interposed, nor the action, if any, of the court thereon, is before us for review. The question does not even appear to have been suggested by appellant in the trial court, and it is elementary that it cannot be raised for the first time in a court of review. If, however, the question was open to review under a proper assignment of errors, we should be compelled to hold that the alleged defect in the declaration was cured by the verdict. In *Kelleher v. Chicago City Ry. Co.*, 256 Ill. 454, it was said:

"If the issue joined be such as necessarily required, on the trial, proof of facts omitted or so defectively or imperfectly stated as to have constituted a fatal objection upon demurrer, without which proof it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by verdict."

It may well be that the notice required, in the preamble in the policy, to be given to the insurer, did not obviate the necessity of furnishing proofs of loss to the insurer, as required by the tenth provision in the policy above quoted, and that a failure to allege the furnishing of such proofs of loss would render the declaration vulnerable to attack by demurrer, but the omission, imperfection or defect in that regard is not available to appellant, upon this record, after verdict. In the cases relied upon by appellant in support of its position, the question arose upon the consideration of a demurrer to the declaration.

What was said in *Supreme Lodge K. of P. v. Mc-Lennan*, 171 Ill. 417, is pertinent here:

"The alleged insufficiency in the declaration is, that it omits allegations necessary to the full and complete statement of a cause of action. Conceding this criti-

cism to be just, it is but that the declaration defectively states a cause of action. The objection to the declaration was not raised in the trial court. Had it been suggested there it could have been readily obviated by amendment. It is a familiar rule that pleading to the merits a trial and verdict cure such defects as are alleged to exist in the declaration."

The judgment is affirmed.

*Judgment affirmed.*