## MARSHALL *v.* MATHEWS.

Where a superintendent of a farm, under contract with the owner by virtue of the terms of which he takes charge of animals upon the farm and the farm products, and under the authority given in the contract, sells certain of the property thus in his charge and control, and fails to pay over the proceeds of the sale of the property to the owner, as provided in the contract, but appropriates it to his own use, though crediting the owner with the amount of the same upon the account for his salary, this constitutes such a breach of the contract and duty as to justify his discharge.

No. 2456.    DECEMBER 15, 1921.

Equitable petition. Before Judge Searcy. Monroe superior court. January 8, 1921. (See 149 *Ga.* 370).

W. Frank Mathews was employed by the owner of a large farm in Monroe County, to superintend the operations of the farm. The contract was in writing. W. J. Marshall purchased the lands from the owner thereof, who made the contract with Mathews and undertook to carry out the contract of the former owner with the superintendent. The term of employment was to end on November 1, 1919, unless the contract were renewed. On May 13, 1919, Marshall discharged Mathews, but the latter refused to vacate the premises, claiming that he had in no way violated the contract and that he had not given any cause for his discharge. He tendered his continued services to Marshall, and offered to carry out the contract. This tender was refused; and Marshall filed his petition praying for injunction, etc. Mathews filed a plea and answer, denying that he had in any way violated the contract or had done anything that constituted good grounds for his discharge; and praying that he might recover certain stated sums as damages for a breach of the contract.

In the written contract, which is recognized as binding by both parties, it was stipulated, among other things, that Mathews was to give his entire time and attention to his duties as superin-

tendent of the farm, and be charged with the entire management of the place, including the marketing of products, etc.; that the owner did not undertake to furnish provisions for the superintendent and his family, but the latter was at liberty to use any of the products of the farm without accounting therefor; but further, that while Mathews was to have the free use of the products, the owner was to receive the proceeds of any sales made from the farm products, including chickens, eggs, etc. It is alleged in the petition, that Mathews sold certain hogs belonging to the owner of the farm, and appropriated the proceeds of the sale — approximately $60 — to his own use; that plaintiff made a demand on Mathews for this money and certain other moneys; and that Mathews admitted the sale of the hogs and the collection of said money, and that he had converted the same to his own use. Other acts upon the part of the superintendent, alleged to be a breach of the contract, were set forth in the petition. Mathews in his answer admitted selling the hogs, and that there was a part of the proceeds of the sale due Marshall, and that he was willing to pay it; averring that he had given Marshall credit for it on his books, crediting it upon his salary. Mathews also claimed that his employer had ratified this action in regard to the proceeds of the sale of the hogs and other collections. Other issues were made by the pleadings, which it is unnecessary to set forth. The injunction prayed by Marshall was granted. The question of damages claimed by Mathews was submitted to a jury, who returned a verdict in favor of Mathews for a given amount as damages. Marshall made a motion for a new trial, which was overruled, and he excepted.

*Oliver C. Hancock* and *Persons & Persons,* for plaintiff.

*Willingham & Willingham,* for defendant.

BECK, P. J. (After stating the foregoing facts.) The evidence was conflicting upon the material issues in the case. The plaintiff's right to a new trial depends upon whether or not there had been such a violation of the contract by Mathews while he was superintendent, and such a violation of his duties to the owner arising from the contract and the mutual relations of one to the other, as justified the discharge of the superintendent. The evidence relating to this question being conflicting, the court submitted it to the jury; and as a part of the court's instructions

upon this subject he was requested in writing by the plaintiff, Marshall, to give the following charge to the jury: "I charge you, gentlemen of the jury, that if you believe under this evidence that W. F. Mathews collected moneys which belonged to the plaintiff, W. J. Marshall, either from the sale of hogs or otherwise, and if you further believe that W. Frank Mathews appropriated said moneys to his own use and retained the same, then I charge you that it would be your duty to find for the plaintiff and against the defendant." The court gave this charge in substance, but added thereto, after the words "and retained the same," the following: "wilfully intending to deprive W. J. Marshall of same." Plaintiff in error insists that the charge should have been given as requested, and that the addition made thereto by the court was error.

This exception to the charge is well taken. From the evidence in the case and from the pleadings it appears that the superintendent, in addition to having charge of the farm, was also entrusted with the disposition of many farm products, including chickens, butter, eggs, hogs, etc. One of his duties to the owner of these products was to account for the proceeds of the sale of any of them. If he sold them and converted the proceeds to his own use, it was a violation of the duties he owed to the owner. He was receiving a salary for his services, and was given under the contract the right to use any of the farm products for himself and his family as provisions; but when he sold any of the products it was his duty to account to the owner for the proceeds. If instead of doing this he appropriated such money to his own use and retained it, then he was guilty of a breach of the contract and of the duties imposed thereunder; and the plaintiff was entitled to a charge directly to that effect. This the court did charge; but he added the words, as we have seen above, "wilfully intending to deprive W. J. Marshall of same." The error of the addition which the court made was that it probably misled the jury, because they may have believed the testimony of the defendant that he had entered the proceeds of the sale of the hogs — had credited the same on his salary; and they may have believed that in this way he was not "wilfully depriving" the owner of the property of his money. But the owner of the property sold, the proceeds of which were in the hands of the superintendent,

had the right to have that paid over to him in cash, and the superintendent did not have the right even to appropriate it to the payment of his salary; certainly not, unless the petitioner was defaulting in the payment of the salary. Of course nothing here said is to be taken as an intimation that the superintendent would not have had a reasonable time in which to hand over or remit the proceeds of the funds. The particular item of the proceeds from the sale of the hogs may have been a comparatively small amount; but where an agent receives proceeds from goods belonging to his principal, he must promptly, at least within a reasonable time, remit or turn over the proceeds to his principal, and an appropriation of the funds to himself is a violation of his duty. The erroneous charge was upon a material issue, and requires the grant of a new trial.

*Judgment reversed. All the Justices concur.*