H. B. Coates *v.* Eastern States Farmers Exchange.

February Term, 1925.

Present: Watson, C. J., Powers, Taylor, Slack, and Butler, JJ.

Opinion filed October 7, 1925.

*Pleading—Inconsistencies in Answer—Answer Containing Irrelevant and Scandalous Matter—Principal and Agent—Right of Revocation—Default of Agent Justifying Revocation—Legal Sufficiency of Answer Not Challenged by Motion to Expunge—Contract of Employment—Ambiguity—Practice Act—Demurrer—Effect of Demurrer on Defective Antecedent Pleadings—Exceptions to General Rule—Questions Not Raised Below—Demurrer Not Applicable to Prior Pleading to Which Issue Has Been Taken—When Supreme Court Will Not Consider Sufficiency of Complaint.*

1. Inconsistencies in answer do not constitute valid ground of motion to expunge, as under amendment to Practice Act (Acts 1921, No. 72, §1) inconsistent defenses are permissible, and only subject defendant, on motion before or during trial, to an election of defense on which he intends to rely.

2. Answer alleging wholly irrelevant and scandalous matter is subject to motion to expunge, even though allegation of such matter would not lay foundation for admission of evidence in support thereof.

3. Though agency is for definite term, principal has right to revoke it before expiration of term, without incurring liability for damages, because of agent's failure to perform his express or implied undertaking as agent.

4. Default on part of agent which will justify revocation of contract of agency is not confined to dealings with principal, but extends to moral delinquencies which are calculated to affect injuriously agent's reputation.

5. Legal sufficiency of parts of answer cannot be challenged by motion to expunge, under Practice Act (G. L. 1793), but only by demurrer.

6. Written contract of employment *held* to be with plaintiff individually, and not in representative capacity.

7. Language of written contract of employment *held* not to be so explicit as to be incapable of but one meaning, and not to permit holding as matter of law that plaintiff's discharge by Farm Bureau terminated defendant's contract of employment with him.

8. Under Practice Act, court may treat demurrer as opening whole record, as at common law, and render judgment against first party whose pleadings are defective in substance.

9. Under Practice Act, effect of demurrer, whether general or special, upon antecedent pleadings is only that of a general demurrer at common law, hence does not reach defects in form in earlier pleadings, but only raises question that prior pleading does not state facts sufficient to constitute cause of action, defense, or reply, as case may be.

10. Demurrer will not be carried back to bad pleading which has been cured in any way, as by a subsequent pleading.

11. Where prior pleading is not so defective that judgment could not be rendered upon it, party would not ordinarily be permitted to avail himself of error in Supreme Court, unless he had asked to have demurrer carried back in court below.

12. Demurrer will not be carried back, in favor of party demurring, to pleading to which he has previously taken issue, for to do so would permit party to plead and demur to same pleading at same time, but if party wishes to avail himself of general rule that demurrer opens whole record, he should ask leave to withdraw pleading by which issue was taken.

13. Where defendant did not seek to have demurrer to replication carried back to complaint in lower court, nor claim on exceptions to Supreme Court that complaint was so defective as not to support judgment for plaintiff, and defendant's denial of allegations of complaint is still in record, Supreme Court will not consider sufficiency of complaint.

ACTION OF CONTRACT. Pleadings: Complaint, answer, replication, and demurrer to replication. Trial by court at June Term, 1924, Bennington County, *Willcox*, J., presiding. Defendant's demurrer to replication sustained. The plaintiff excepted. The opinion states the case. *Reversed, demurrer overruled, replication adjudged sufficient, and cause remanded.*

*James K. Batchelder* for the plaintiff.

*Holden & Healy* for the defendant.

TAYLOR, J.   The cause was heard below on the pleadings, and was passed to this Court before final judgment.   The plaintiff brings up exceptions to the denial of a motion to strike out certain parts of the answer, and an exception to sustaining defendant's demurrer to the replication.

Plaintiff seeks to recover certain commissions for the sale of feed and grain as agent of the defendant.   The contract, which was in writing, is set out in the complaint in full.   It is entitled, "Memorandum of agreement between H. B. Coates, agent, representing the Bennington County Farm Bureau and the Eastern States Farmers' Exchange (The Exchange) of Springfield, Mass., in the sale and distribution of feed and grain in the following territory: Bennington County."   We give the substance of the several stipulations of the contract:

1. Agent is given exclusive sales rights to Eastern States feeds in the territory specified.
2. Agent agrees to represent the Exchange in the sale of feed and grain.
3. Agent agrees to carry out the terms of contracts between the Exchange and the farmers in his territory relating to his responsibilities.
4. Agent agrees to order feed and grain for shipment with such regularity as to supply the requirements of the farmers in his territory during the life of the contract.
5. It is agreed that agent shall receive as commissions 25 cents per ton for sales commission at time of sale and $1.25 per ton commission "for financing and distributing shipments for cash at car door."
6. Agent agrees to sell feed and grain to farmers at Eastern States retail prices or to charge no more than the allowance for commissions as a margin over Eastern States wholesale prices.
7. Agent agrees upon specific conditions to pay drafts and accept shipments upon arrival.
8. The Exchange agrees to lend sales assistance.
9. Agent agrees to carry out details of business according to instructions from the Eastern States office.

10.   The agreement was to be in effect for one year from its date (May 28, 1923) and was subject to cancellation only in the event that either party failed to live up to its terms, or in the event that either party was unable to continue the agreement for reasons beyond his control, in which case thirty days notice was required.

The complaint further alleges what amounts to performance of the contract on plaintiff's part; that as agent for the defendant under the contract plaintiff sold two thousand tons of feeds and grain to be subsequently delivered by the defendant; that the defendant broke the contract by refusing to recognize the plaintiff as agent and by failing to make the deliveries to him as agreed; that defendant recognized and treated one Russell as agent in filling the orders taken and forwarded by the plaintiff; that plaintiff had held himself ready and willing to perform the terms of the contract relating to financing and distributing the shipments; and that there was due the plaintiff $1.25 per ton as commission which the defendant refused to pay.

The defendant admits in its answer the execution of the contract set out in the complaint, but in other respects denies plaintiff's allegations.   It is alleged in the answer that plaintiff did not perform the services for which the commission of $1.25 per ton was to be paid, and so defendant denies that he was entitled thereto.   It is further alleged that the contract, as appears by its terms, was made with the plaintiff as agent representing the Bennington County Farm Bureau; that on a day named the Bureau discharged the plaintiff and notified the defendant that he no longer represented the Bureau; that therefore the contract between the plaintiff and defendant automatically terminated. It is also alleged that the plaintiff violated paragraph nine of the contract in that he did not carry out the details of the business according to the instructions of the defendant, which are set out in the answer.   The defendant states in the answer what would have occurred in the usual course if the contract had been fully completed.   In effect it is alleged that the supplies would have been charged to the plaintiff at a price fixed by the defendant; that there would have been allowed to the plaintiff and deducted from said price $1.25 per ton, leaving the balance to be paid the defendant before the supplies would be turned over to the plaintiff; that in distributing the shipment to the farmers plaintiff would collect the price fixed by the defendant

and so would collect the $1.25 per ton from the purchasers. In this connection defendant admits that after being notified of plaintiff's discharge by the Farm Bureau it caused the shipments of supplies to be made to said Russell, as he had been designated by the Bureau as its representative to replace the plaintiff under the contract. It is alleged that the said Russell took and paid for the grain and supplies according to the foregoing practice, distributed the same to the farmers,' and collected from them the $1.25 per ton. The defendant alleges that acting in good faith it notified the plaintiff that the contract was of no further force and effect. It further alleges that it was led to take this action for the reasons, in substance: (1) That plaintiff had violated his instructions; (2) that plaintiff had been discharged by the Farm Bureau; (3) that before giving such notice it had learned of certain delinquencies of the plaintiff in the sale of seed for another company which are detailed in the answer; (4) that after the contract was executed plaintiff agreed to furnish a bond to secure the performance of the contract on his part, but had neglected and refused to do so. One paragraph of the answer states facts on which it is claimed that the plaintiff should be ordered to return to the defendant a part of the sum already paid as commissions on sales.

Plaintiff filed a motion to dismiss six separate paragraphs of the answer. The motion was wholly denied, whereupon the plaintiff was allowed an exception as to each point of the motion. Thereupon the plaintiff filed his replication, wherein he denies the allegations of the answer and either joins issue on such allegations or states his claims with reference thereto. The defendant demurred to the replication, specifying the particular paragraph demurred to and the special ground of demurrer. We find occasion to notice only such parts of the replication as are challenged by so much of the demurrer as is now relied upon. The court sustained the demurrer upon the ground that the contract became void and nonenforceable when the plaintiff ceased to be the representative of the Farm Bureau. This in substance is the basis of defendant's claim on demurrer. Plaintiff denies in the replication that he made the contract with the defendant as agent representing the Farm Bureau, but claims that the contract was personal between him and the defendant, and that he was designated therein and was acting thereunder as agent of the defendant—that the words ''representing the

Bennington County Farm Bureau'' were words of identification, and implied only that at the time of the execution of the contract he had their backing and moral influence. In this connection plaintiff denies that his discharge as representative of the Bureau could or did end the contract.

[1-5] It would seem that the court did not err in overruling plaintiff's motion to strike out portions of the answer. The Practice Act points out the proper function of such a motion. G. L. 1793. The first point of the motion is directed to claimed inconsistencies in the answer; but that would not be a valid ground of a motion to expunge. Since the amendment of the Practice Act in 1921 inconsistent defenses are permissible and only subject the defendant, on motion before or during the trial, to an election of the defense on which he intends to rely. No. 72, Acts of 1921, § 1. The fifth point of the motion relates to the reason assigned for terminating the contract to the effect that the plaintiff had been guilty of financial delinquencies. This allegation is challenged as wholly irrelevant and scandalous. If the pleading were open to this charge it would properly be subject to the motion to expunge, even though the allegation of such matter would not lay the foundation for the admission of evidence in support of it. *Berkley* v. *Burlington Cadillac Co.,* 97 Vt. 260, 266, 122 Atl. 665. But the questioned allegations are not irrelevant. The defendant relies in part upon revocation of the agency as a defense. Even though an agency is for a definite term, the principal has a right to revoke it before the expiration of the term, without incurring liability for damages, because of the agent's failure faithfully to perform his express or implied undertakings as agent. 2 C. J. 536. The default on the part of an agent which will justify the revocation of the contract is not confined to his dealings with the principal. This right of revocation for cause is held to extend to moral delinquencies which are calculated to affect injuriously the agent's reputation, such as public drunkenness and disorderly conduct (*Bass Furnace Co.* v. *Glassock,* 82 Ala. 452, 2 So. 315, 60 A. R. 748); illicit association with a woman of bad repute (*Gould* v. *Magnolia Metal Co.,* 207 Ill. 172, 69 N. E. 896); widely known charges of fraud (*Taylor* v. *Levin Co.* [U. S. C. C. A. Ky.], 274 Fed. 275); misappropriation of funds (*Marshall* v. *Mathews,* 152 Ga. 396, 110 S. E. 165). The case last cited shows that the right to revoke the contract would exist if the plaintiff was

guilty of the misconduct alleged. See note 32 A. L. R. 227, for a general discussion of this subject; also *Bradley* v. *Blandin,* 91 Vt. 472, 475, 100 Atl. 920. The other points of the motion challenge the legal sufficiency of various parts of the answer. This is not the proper function of a motion to expunge under the Practice Act. The demurrer is still employed to test the sufficiency of a pleading in matters of substance. See *Coburn* v. *Village of Swanton,* 95 Vt. 320, 325, 115 Atl. 153; *Pierce* v. *Mitchell,* 87 Vt. 538, 90 Atl. 577.

[6, 7] The principal question presented by the demurrer relates to the construction to be given the contract. In effect the court held in sustaining the demurrer that plaintiff's discharge by the Farm Bureau automatically terminated the contract. This was the fundamental claim advanced by the demurrer, and is still the basis of defendant's argument in support of the ruling below. While admitting that the profit of the undertaking would belong to the plaintiff and that he could maintain an action in his own name for the commissions when earned, defendant still insists that the contract was with the Farm Bureau—that the agreement was with the plaintiff as agent of the Bureau and not with him individually. The point is made that the contract is signed by the plaintiff with the word "agent" following his name, and the rule is invoked that where a contract is signed by an agent as such, whether the principal is named or not, the agent is *prima facie* not a party to the contract. On the other hand plaintiff claims that by any fair construction of the contract the agreement was with him in his individual capacity; that the words, "representing the Bennington County Farm Bureau," were merely words of identification; that under the contract he was acting on his own behalf as agent of the defendant. Moreover, plaintiff says that if the contract is not so explicit as to leave no doubt of the construction he relies upon, he is entitled to show in aid of construction the mutual understanding of the parties when it was executed and their practical construction in operating under it. In this connection plaintiff refers to claimed admissions by the defendant in its pleadings tending to support his theory.

The parties treat the contract as a contract of agency and the defendant takes the position that it should be so construed. For present purposes we assume without deciding that it is an agency contract and not a contract of sale. Looking at the con-

tract as a whole, we think it cannot be held on the writing alone that the agreement was with the plaintiff in a representative capacity. That may be the fair import of the introductory part standing alone; but, if so, it is out of harmony with the stipulations that follow. It is sufficient answer to the demurrer that the language of the contract is not so explicit as to be incapable of but a single meaning. It follows that it cannot be held as matter of law that plaintiff's discharge by the Farm Bureau terminated the contract with him. It seems quite probable that the case is one admitting of extrinsic evidence pertinent to the matter in controversy, but it is unnecessary to pursue that question. It sufficiently appears that the court erred in sustaining the demurrer on the ground indicated. As we hold that at most it would be a question of fact whether the contract was with the plaintiff in a representative capacity, the claim that it was automatically revoked by the change in his situation when discharged by the Farm Bureau cannot be sustained. None of the other grounds of demurrer specified are relied upon to sustain the judgment.

[8, 9] The defendant undertakes to make the point in support of the demurrer that the complaint does not state a cause of action. This raises the question whether under the Practice Act a demurrer opens the whole record so that judgment must be rendered against the first party whose pleadings are defective in substance. It is not to be doubted that this was the rule prior to the adoption of the Act. It was applied without the propriety thereof being questioned in *Spaulding* v. *Mutual Life Ins. Co.*, 94 Vt. 445, 111 Atl. 522, where a demurrer to the replication under the reformed procedure was carried back to a defect in the answer. The propriety of the practice being now questioned, it seems advisable to inquire what if any change in the rule has been effected by the Practice Act.

The Act requires that a demurrer "shall distinctly specify the reasons why the pleading demurred to is insufficient." G. L. 1791. In form the modern demurrer resembles the former special demurrer. Though its use is somewhat restricted by the Act, it still retains the function of the earlier general demurrer to test the sufficiency of pleadings in matters of substance. The evident purpose of the requirement that a demurrer shall specify the insufficiency relied upon was to facilitate the framing of a definite issue and to enable the party whose pleading is ques-

tioned seasonably to correct the fault by amendment. That the rule is not inconsistent with this provision of the Practice Act is shown by *New York Central R. R. Co.* v. *Clark*, 92 Vt. 375, 379, 104 Atl. 343. It is there stated that there may be grounds of demurrer so fundamental that this Court will consider them, and may hear counsel thereon, although such grounds were not pointed out below; that the trial court is bound to notice grounds of demurrer not pointed out that vitally affect the integrity of our judicial system; and that the trial court and this Court have the inherent power to keep unwarranted proceedings from creeping into our practice, which it is the duty of each court to exercise. All this implies that the court could properly treat the demurrer as opening the whole record. The fact that it is special in form would not affect the question. The general rule was held to apply at common law without regard to whether the demurrer was general or special. 31 Cyc. 340; *Cooke* v. *Graham*, 3 Cranch 229, 2 L. ed. 240. In this case Chief Justice Marshall says: "When the special demurrer is by the plaintiff his own pleadings are to be scrutinized and the court will notice what would have been bad upon a general demurrer." In other words, the effect of a demurrer whatever its form upon antecedent pleadings is only that of a general demurrer at common law. *Leavens* v. *American Express Co.*, 87 Vt. 473, 476, 89 Atl. 744. It does not reach defects of form in the earlier pleading; that is, it can be shown only that the prior pleading does not state facts sufficient to constitute a cause of action, defense, or reply, as the case may be. 31 Cyc. 342.

[10-12] However, there are certain limitations of the general rule under reformed procedure that should be noticed. A demurrer will not be carried back to a bad pleading which has been cured in any way, as by a subsequent pleading. *Probate Court* v. *Vanduzer*, 13 Vt. 135; 31 Cyc. 342. Where the prior pleading is not so defective that a judgment could not be rendered upon it, a party would not ordinarily be permitted to avail himself of the error in this Court, unless he asked to have the demurrer carried back in the court below. This logically follows from our rule which generally limits the review to causes of demurrer shown by the record to have been specially pointed out on the hearing below. Rule 14; *Lamphere* v. *Cowen*, 42 Vt. 175; *Slayton* v. *Davis*, 85 Vt. 87, 81 Atl. 232; *Williams Mfg. Co.* v. *Insurance Co.*, 85 Vt. 282, 81 Atl. 916. Again, the rule does

not allow the demurrer to be carried back in favor of the party demurring to a pleading to which he has previously taken issue; for the contrary doctrine would, in effect, allow a party to plead and demur to the same pleading at the same time. *Von Boeckmann* v. *Corn Products Ref. Co.*, 274 Ill. 605, 113 N. E. 902; *Supreme Lodge K. of P.* v. *McLennon*, 171 Ill. 417, 49 N. E. 530; *Baldwin* v. *Aberdeen*, 23 S. D. 636, 123 N. W. 80, 26 L. R. A. (N. S.) 116; *Moore* v. *Leseur*, 18 Ala. 606; 31 Cyc. 342. If he would avail himself of the rule, he should ask leave to withdraw the pleading by which issue was taken.

[13]   The case at bar falls within at least two of the foregoing exceptions to the general rule permitting a demurrer to be carried back of the pleading to which it is addressed. It does not appear that the defendant sought to have the rule applied in the court below, and it does not claim here that the complaint is so defective that it would not support a judgment for the plaintiff. The defendant's denial of the allegations of the complaint is still in the record, and stands in the way of the demurrer being carried back of such denial. In the circumstances we have no occasion to consider the sufficiency of the complaint.

*Judgment reversed; demurrer overruled; replication adjudged sufficient, and cause remanded.*