CHARLES E. DOUBLEDAY *v.* TOWN OF STOCKBRIDGE.

May Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed October 5, 1937.

*Roland E. Stevens* for the plaintiff.

*Raymond Trainor* and *Henry F. Black* for the defendant.

SHERBURNE, J. This is an action of contract to recover sums paid over a period of years for taxes alleged to have been illegally assessed. Trial was by court and judgment was for the defendant.

The defendant pleaded *nil debet, non assumpsit* and the statute of limitations. At the trial the plaintiff seasonably moved that the defendant be required to elect upon which of its defenses it proposed to rely. To the overruling of this motion the plaintiff excepted. The plaintiff's brief calls attention to P. L. 1574, subd. II, and the construction placed upon it in *Coates* v. *Eastern States Farmers Exchange,* 99 Vt. 170, 175,

130 Atl. 709, to the effect that inconsistent defenses are permissible and only subject the defendant, on motion before or during the trial, to an election of the defense on which he intends to rely, and then makes the naked assertion that the defenses here set up are inconsistent; without any supporting argument or citation of authority, and that therefore the court erred. This is inadequate briefing and merits no consideration.

Defenses are inconsistent only when they cannot both be true, and the proof of one necessarily proves the falsity of the other. *Bradley* v. *Blandin and Somerset Land Co.*, 92 Vt. 313, 315, 104 Atl. 11; *McKinstry* v. *Collins*, 74 Vt. 147, 156, 52 Atl. 438. The substance of the pleas is, that the defendant did not owe the plaintiff anything; that it did not assume and promise as alleged by the plaintiff; and that plaintiff's supposed causes of action did not accrue within six years prior to the date suit was commenced. The proof of any one of these defenses does not prove the falsity of any other, although by implication of law the last defense admits that a cause of action once existed. It has long been the practice in this State to plead the general issue and the statute of limitations together, and it is generally held in other jurisdictions that such defenses are not inconsistent. 49 C. J. 220; annotations in L. R. A. 1917C, 71. The defendant was properly allowed to go to trial upon all its pleas.

The only other exception necessary to consider is to the finding that the taxes were lawfully assessed. It appeared that on January 22, 1853, the selectmen of defendant town leased to the plaintiff's predecessor in title 68¾ acres of land in said town for the term of 999 years at the annual rental of $4.12½, and that the original lessee deposited with said selectmen $68.75 to remain in the hands and under the control of them and their successors in office, upon trust that they apply the annual interest at six percent, viz., $4.12½, in payment of the rent as it should fall due. The lease also contained a provision that the lessee should annually pay all taxes that may be assessed on or on account of the land leased during the term of the lease. The lease was duly recorded in the land records of said town, and several assignments and transfers were made, the last being in 1878, when it was transferred to the plaintiff. In these assignments and transfers no mention was made of the money deposited to take care of the rent.

The findings show that this land was listed to the plaintiff in the grand list book for taxes from 1893 to 1932; and that he received tax notices for taxes on this land each year, at least from 1922 to 1933, and for several of these years, at least, he received a receipt when he paid his taxes, showing that the bill was for taxes raised on the list of those years. In 1932 the plaintiff refused to pay anything more, and he has not since been required to pay anything, and his name was stricken from the grand list.

The court found that the taxes were lawfully assessed under the terms of the original lease, and that all payments sought to be recovered, except for the years 1929, 1930 and 1931, were made more than six years prior to the bringing of this suit.

The sum of money deposited with the selectmen amounted to a commuted rent for the entire term of the lease at the rate of one dollar per acre of land. It is clear that the land leased did not belong to that class of public lands which are exempted from taxation, and that it was understood and agreed that the lessee should pay taxes thereon. So under this exception the only question is whether the taxes upon this land could lawfully be assessed to this plaintiff.

During the term of years covered by the taxes here involved we have had a statute, now P. L. 603, which reads: "Taxable real estate shall be set in the list to the last owner or possessor thereof, on April 1 in each year, in the town, village, school and fire district where it is situated." Since the enactment of No. 46 of the Acts of 1910, it has been required, as now in P. L. 636, that the quadrennial appraisal of real estate shall contain "the name of each person owning real estate, provided it can be ascertained"; and as now in P. L. 685, that the completed grand list shall contain "a brief description and the appraised valuation of each separate piece or parcel of taxable real estate, owned by each taxpayer." It thus appears that these sections of the statute are somewhat inconsistent. P. L. 603 directs that real estate shall be set to the owner or possessor, whereas P. L. 636 and 685 would seem to require that it be set to the owner only.

These sections of the statute are sufficiently cognate to be *in pari materia,* since they all relate to the taxation of real estate, and they are to be construed with reference to each other

as parts of one system, and the legislative intent, thus ascertained, must be given effect.  *Belfore* v. *State Highway Department,* 108 Vt. 396, 187 Atl. 797; *Grand Lodge of Vermont F. & A. M.* v. *City of Burlington,* 104 Vt. 515, 519, 162 Atl. 368.  The fundamental rule for the construction of statutes is to ascertain the intent of the Legislature.  This intent must be ascertained from the act itself, if the language is plain.  But when the language used is doubtful in meaning, the true meaning may be ascertained by considering it in the light of all of its provisions, the object to be accomplished by its passage, its title, pre-existing legislation on the same subject and other relevant circumstances.  A statute is to be so construed as to carry out the intent of the Legislature, though such construction may seem contrary to the letter of the statute.  When the provisions of a law are inconsistent, effect must be given to those which harmonize with the context and the apparent intent of the Legislature.  *Old Saybrook* v. *Public Utilities Commission,* 100 Conn. 322, 124 Atl. 33; *County of Washington* v. *Gates,* 108 Vt. 117, 120, 183 Atl. 506; *Town of Brandon* v. *Harvey,* 105 Vt. 435, 439, 168 Atl. 708; *Brammall* v. *Larose,* 105 Vt. 345, 349, 165 Atl. 916.

In the revision of 1863, G. S. Ch. 83, sec. 9, provides that "all real estate shall be assessed and set in the list * * * to the person who shall be the owner or possessor thereof on the first day of April in each year"; and Section 20 provides for the appraisal of real estate every fifth year and setting the same "to the owner thereof or to such person or persons who were by law liable to pay taxes thereon," and that the annual list shall contain in the third column "The quantity of real estate owned or occupied by" each taxable person.  Substantially similar provisions had been in force for many years.  See sections 6 and 14 of No. 16 of the Acts of 1841, and sections 8 and 19 of No. 43 of the Acts of 1855.  After the enactment of section 1 of No. 18 of the Acts of 1863, providing that section 2 of Ch. 83 G. S. "shall be so construed as to require all real and personal estate to be set in the list to the last owner of said estate on the first day of April of each year," its effect was construed in *Bemis* v. *Phelps,* 41 Vt. 1.  Attention was called to the fact that the act does not refer to section 9 of Ch. 83, and that section 2 simply directs at what per cent of the true value property shall be set in the list,

yet it was held that so far as the act is to be regarded as changing the law of the subject to which it relates, it must control both sections. This case holds that land was properly set in the list to the plaintiff, a former owner, who had remained in possession after conveying it, and that the tax thereon was a legal one.

In the revision of 1880, R. L. 276 provides: "Taxable real estate shall be set in the list to the last owner thereof on the first day of April in each year, in the town, village, school and fire district where it is situated"; R. L. 308 provides that the quadrennial appraisal shall give "the name of each person assessed for real estate"; and R. L. 348 provides that the completed grand list shall contain, among other things, the name of each taxable person and "the quantity of real estate owned by such person." By sec. 1 of No. 7 of the Acts of 1884, R. L. 276 was amended to read as follows: "Taxable real estate shall be set in the lists to the last owner or possessor, the first day of April in each year, in the town, village, school and fire district where it is situated." In *Wilmot* v. *Lathrop,* 67 Vt. 671, 676, 32 Atl. 861, 862, we said: "When the quadrennial appraisal of 1882 was made, the statute required that real estate be set to the owner. R. L. 276. When the list of 1886 was taken, it might be set to the owner or possessor. No. 7, Acts 1884." R. L. 276 as so amended has been carried unchanged through all subsequent revisions, and is now P. L. 603 as we have noted. R. L. 308 and 348 were carried unchanged through the revisions of 1894 and 1906, and by No. 46 of the Acts of 1910 were amended to read as now in P. L. 636 and 685.

It thus clearly appears that by No. 7 of the Acts of 1884, the Legislature intended to restore the law to the condition it was in prior to the revision of 1880, so as to enable the listers to set real estate either to the last owner or last possessor on the first day of April. No. 46 of the Acts of 1910 does not mention the section so amended in 1884, and repeals by implication are not favored. *Town of Hartland* v. *Damon's Estate,* 103 Vt. 519, 528, and cases cited. Moreover, as noted, this section has since been carried forward unchanged through the revisions of 1917 and 1933. This clearly evidences the intent of the Legislature to continue the policy of setting real estate either to the owner or to the possessor. In *Town of Orange* v. *City of Barre,* 95 Vt.

267, 269, 115 Atl. 238, 239, decided in 1921, we said that "the statute requires that real estate shall be set in the list to the last owner or possessor thereof on the first day of April in each year." The result is that we hold that the provisions of P. L. 603 govern and control those of P. L. 636 and 685 in this respect. Whether or not the plaintiff can be considered an owner of the land, as claimed by the defendant, he was clearly a possessor to whom the taxes on this land could lawfully be assessed.

We might further point out that, as the findings do not show that the payment of the taxes by the plaintiff was involuntary in the legal sense, he is not entitled to recover in any event. *Sowles* v. *Soule,* 59 Vt. 131, 7 Atl. 715.

*Judgment affirmed.*